**MARYLAND CASUALTY CO v
EXPLOSIVE SALES CO
JONES CONSTRUCTION CO v
EXPLOSIVE SALES CO
MARYLAND CASUALTY CO v
STAMBAUGH-THOMPSON CO
JONES CONSTRUCTION CO v
STAMBAUGH-THOMPSON CO**

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 7, 1933

Harrington, Huxley & Smith, Youngstown, for plaintiffs in error.

Wilson, Hahn & Wilson, Youngstown, and Fred Heim, Youngstown, for defendants in error.

**FARR, J.**

The first and an important issue is raised and that is the claim that the Explosive Sales Company was doing business in Ohio contrary to the statute, which requires a foreign corporation to secure a certificate before it may be permitted to transact business in Ohio. §178-188 GC.

However, an examination of this record leads to the conclusion that this contract was made in the state of New Jersey and would therefore not be controlled by the above sections of the statute. A conversation between Jones and Whitla, secretary of plaintiff's corporation, occurred in plaintiff's office in New Jersey, in which it is claimed that Jones told him he had a contract in Ohio for grubbing the Meander basin and wanted to buy the explosives necessary. Whitla then arranged with the DuPont Company to furnish these explosives to Jones, charging the same to the Explosives Sales Company when they were delivered to Mineral Ridge.

It is further disclosed that the DuPont Company maintained a magazine near Minerva, Ohio, and that from this magazine these explosives were delivered at Mineral Ridge. According to the testimony of Whitla this foreign corporation never before nor since sold anything in the State of Ohio. Therefore, the conclusion must be that this sales contract for explosives was entire and complete within itself. It is true that the explosives were to be delivered in certain quantities at certain times but the contract covered the amount sufficient to complete the clearing of the Mean-

der basin. It therefore becomes readily recognizable that this single contract or transaction in the State of Ohio would not make this foreign corporation a company doing business in the State of Ohio contrary to the provisions of the statute regulating the same. It follows, therefore, that this claim is not tenable and that therefore this foreign corporation did not violate the statutes of this state with reference to a foreign corporation transacting business herein; 9 Fletchers Cyclopedia of Corporations, §5919.

Next it is contended that the bond furnished by the Maryland Casualty Company is controlled by §§2365-1 to 2365-4, GC, inclusive, in connection with §6602-50 GC. It is provided in 107 O.L., 643, §1, as follows:

"That when public buildings or other public works or improvements are about to be constructed, erected, altered or repaired under contract at the expense of the state or any county, city, village, township or school district thereof, it shall be the duty of the board, officer or agent contracting on behalf of the state, county, city, village, township or school district, to require the usual bond as provided for in statute, with good and sufficient sureties, with an additional obligation for the payment by the contractor and by all sub-contractors, for all labor performed or materials furnished in the construction, erection, alteration or repair of such building, works or improvements."

There is a further provision that such bond must be in the amount of at least fifty per cent of the contract price, and §93, as amended July 1, 1925, 111 O.L., 73, provides that any person, firm or corporation performing labor or furnishing material shall furnish the sureties on said bond a statement of the amount due to any such person, firm or corporation, not later than ninety days after the acceptance of the work. The controversy arises here as to which section applies, that is §2368-1 to 4 or §6602-50 GC or both. The first mentioned is a statute applying generally. The second is a part of the legislation relating to the establishment of sanitary districts. The first provides, as may be observed, that notice shall be given to a surety of any default but the second section does not so provide. If notice be required in the instant case, then it is conceded that the Stambaugh Thompson Company gave no notice and it may be well whether any notice was given. These statutes are said to be partially at least in what is known as **pari materia;**

that is to say they are statutes relating to the same subject and are to be construed together where the same can be done. A very important case in this connection is that of **Southern Surety Company v Standard Slag Co., 117 Oh St, 512,** where it is held in the first proposition of the syllabi as follows:

"The provisions of the act now appearing in §§2365-1, 2365-3 and 2365-4, GC, and the provisions of §6947, GC, are not in irreconcilable conflict, but can be and are to be read and construed together so as to give effect to both."

The opinion is by Robinson, J, and is of interest at pages 514, 515 and 516. In fact the entire opinion is a discussion of matters of importance in this connection and related questions. In harmony with the foregoing there is a paragraph found in 59 C. J., page 1050, which is helpful in determining the question of whether or not the provisions as to notice in §2365-1 to 4 GC may be applied to §6602-50 GC. It reads as follows:

"Provisions Omitted from an Act. When two acts in pari materia are construed together and one contains provisions omitted from the other, the omitted provisions would be applied in the proceeding under the act not containing such provision where not inconsistent with the purposes of the act."

And there is cited a number of cases as sustaining the foregoing text. Therefore it would seem that the provision of §2365-1 et seq., GC, as to notice to a surety may properly be applied or read into §6602-50 GC. If that be the correct principle and so it is believed to be, then it would be necessary for the claimants here to have given notice to the Casualty Company of the defaults of the Contractor.

It is further provided in §6602-104, GC, as follows:

"All Acts or parts of Acts conflicting in any way with any of the provisions of this Act (§§6602-34 to 6602-106 GC) in regard to improvements of this or a similar character, or regulating or limiting power of taxation or assessment, or otherwise interfering with the execution of this law according to its terms, are hereby declared inoperative and ineffective as to this Act, as if they did not exist, but all such laws and parts of laws shall not be in any other way affected by this law * * *."

However, the foregoing does not suggest any inconsistency between said statutes: It has been well said:

"Acts in pari materia should be construed together so as to harmonize and give effect to their various provisions."

Doule v Doule, 50 Oh St, 330;

Stone v Foster, 7 C.C., 8; 13 C.D., 571;

Howard and Werrin v Railway Co., 45 A. L.R., 1530, 1535.

It is conceded that the Stambaugh Thompson Company did not give any notice to the Casualty Company. It is claimed that Fred J. Heim, Esq., gave notice for the Explosive Sales Company. Scarcely is it necessary to repeat the testimony reflecting upon this issue. It is therefore sufficient to say that it is not believed that notice was effective in that instance, for the reason that while the attorney acting in good faith sought to serve this notice it does not seem absolutely certain that it finally reached its proper destination.

Orr-Ault Construction Co., 124 Oh St, 100.

Surety Co. v Schmidt, 117 Oh St 28, 42.

Indemnity Co. v Vessman, 120 Oh St 72.

Next it is asserted that the Surety Company waived the furnishing of the statement required by §2365-3 GC and is now estopped from asserting its right to a compliance with that statute. In this behalf it is sufficient to say that the conclusion reached is that the Surety Company did not waive the furnishing of such notice and of course is therefore not estopped from asserting its right to a compliance with that statute.

Again, it is asserted that B. F. Jones, Inc., was not an agent of the Jones Construction Company but was an independent sub-contractor, and it may be observed in passing that a contrary conclusion is reached by this court in this behalf, and that at all times B. F. Jones was representing The Jones Construction Co.

Some question is raised to the effect that the explosives and the implements furnished for the preparation of the surface of the soil would not be covered by the provisions of the bond, for the reason, so it is said, that they did not enter into the construction of this enterprise. However, it is not understood that this issue is raised by the Bonding Company.

It may be observed in connection with the foregoing that the principle of estoppel does not apply in the instant case and as related to the Bonding Company.

The foregoing covers briefly all of the questions raised in these cases. For the reasons given it follows that the following orders must be made and the causes remanded for such further proceedings as are authorized by law.

The Maryland Casualty Company v The Explosive Sales Company, judgment reversed because contrary to the law and the evidence, cause remanded. Exception.

The Jones Construction Company v The Explosive Sales Company, judgment affirmed. Exception.

The Jones Construction Company v The Stambaugh Thompson Company, judgment affirmed. Exception.

The Maryland Casualty Company v The Stambaugh Thompson Company, judgment reversed and cause remanded.

POLLOCK and ROBERTS, JJ, concur.